Houck, J.
The proceeding in this court is one in error and comes from the common pleas court of Muskingum county.
The suit below was one in replevin. T. Oscar Evans, the plaintiff, brought his suit in replevin against John W. Keller, claiming the possession of one No. 37 touring car, serial No. 371,537, with extra tire, tools, and standard equipment.
The following are the conceded facts:
1. Plaintiff on April 24, 1917, sold the car with equipment to Lawrence Wilkinson and Jennette Wilkinson, at Akron, Ohio.
2. The Wilkinsons resided at Akron at that time.
3. As part of the purchase price of the car Wilkinson and his wife executed and delivered to' plaintiff a promissory note in the sum of $350, payable in monthly installments of $30 each.
*266 4. At the same time they executed and delivered to plaintiff a chattel mortgage conveying to him the car.
5. The chattel mortgage was duly filed with the recorder of Summit county, Ohio, on May 3, 1917, at eleven o'clock in the forenoon.
6. The chattel mortgage contained a condition, in substance, that if Wilkinson and wife should pay the sum and interest at the time and manner mentioned, and should, keep and perform the covenants and agreements contained in the chattel mortgage, the same should be void, but otherwise remain in full force; that in case of default in payment of said money at the time or -times at which the same should be due and payable, or if the Wilkinsons should remove the goods and chattels, or any part thereof, plaintiff should have the right to take possession of the property and sell the same.
7. Without the consent and without the knowledge of plaintiff the Wilkinsons removed the car from the county of Summit and sold it to Keller.
8. Keller put permanent repairs on the automobile in a sum amounting to $176.87.
Question: Will replevin lie in the instant case, as against the permanent repairs placed on said automobile by Keller ?
This we answer in the affirmative. Under the conceded facts we are bound to answer the inquiry just as we have — in the affirmative. The doctrine of caveat emptor certainly applies to Keller. He was bound to know that the seller of the automobile was the owner of it, and if he purchased it, although in good faith, when in fact the seller had *267 no right to dispose of it, he can not claim title by reason thereof. If, after getting possession of the automobile, he placed repairs on the car the ownership of which was in some person'other than the one who claimed to be the owner at the time Keller purchased it, and of whom Keller claimed to have purchased it, he placed such repairs thereon at his own peril, and, as against the rightful owner of the car, can not legally hold the permanent repairs placed thereon.
It is, however, a settled rule of law (violated, however, by the statute relating to replevin) that no man can be deprived of his property by another without his consent; and if he elects to follow and reclaim it, whether owner or not, if entitled to the immediate possession, he may obtain possession by an action of replevin, into the hands of whomsoever it may have come, whether the person from whom he reclaims it, or the person who enhanced its value, was a wilful or involuntary trespasser. But, in such case the property must be identified; for if its identity is lost by being converted into another species, or otherwise, an action of replevin can not be maintained.
In the case at bar the property was not changed into another species, but simply enhanced in value, by the accessions placed thereon by the trespasser, Keller. Hence, under such circumstances, Evans, the owner and the one entitled to the possession of the said automobile, can not be compelled to pay Keller, the trespasser, for the improvements on said automobile, as the law neither divests Evans of his property nor requires him to pay for such *268 improvements made without his consent, approval, or authority.
It, therefore, follows that the judgment of the common pleas court is right and should be affirmed.

Judgment affirmed.

Shields and Patterson, JJ„ concur.